UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| PEPPER SOURCE, LTD. <br><br> Plaintiff, <br><br> v. <br><br> CHEP, a Brambles Company; BRAMBLES NORTH AMERICA, INC.; BRAMBLES USA, INC.; CHEP SERVICES, LLC; CHEP CONTAINER AND POOLING SOLUTIONS, INC.; and BRAMBLES AMERICAS, INC. <br><br> Defendants. | Case No.: 2:20-cv-2079 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE SUR-REPLY, FILED BY PLAINTIFF PEPPER SOURCE, LTD**

Defendants, CHEP, a Brambles Company, Brambles North America, Inc., Brambles USA, Inc., CHEP Services, LLC, CHEP Container and Pooling Solutions, Inc., and Brambles Americas, Inc. (collectively, "Defendants") respectfully file this Response in Opposition to the Motion for Leave to file Sur-reply, (the "Motion for Leave," Doc. No. 27) filed by Plaintiff Pepper Source, LTD ("Pepper Source") on Saturday, July 18, 2020, and in support thereof state as follows:

1. On July 16, 2020, this Court found good cause existed to permit Defendants leave to file a Reply in response to their Motion to Dismiss, Stay, or Transfer.[1] (*See* Doc. Nos. 24-25, hereinafter the "Motion to Dismiss"). The grounds for the Reply were that Pepper Source presented arguments in their memorandum in opposition to the Motion to Dismiss that to the Motion to Dismiss which contended that the Motion to Dismiss should be denied on grounds not even raised

---

[1] Pepper Source characterizes the filing as a "10-page Reply." It is actually nine pages, but who is counting.

4847-2527-1491.1

by Defendants. Pepper Source's response also sought a ruling that the Motion to Dismiss should be denied, but based on evidence not attached to or embraced by the Complaint. (Doc. No. 24).

2. Pepper Source now seeks the last word and asks for a sur-reply. The Local Rules of this Court provide no right for a party to file a sur-reply, and this is an extraordinary and disfavored remedy in this Court. *Fuller v. Lion Oil Trading & Transp., LLC*, 1:19-CV-1020, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020). As such Pepper Source's Motion for Leave should present facts or law of a strongly convincing nature to justify such relief. It does not.

3. The Motion for Leave claims that the Reply raises "new" arguments for the first time, including Article III justiciability and an allegation that the Amended Pleading does not satisfy federal pleading standards. This is demonstrably untrue. It was *Pepper Source* that initially raised and already briefed the justiciability issue. (Doc. No. 22, pp. 6-8). Further, Defendants argued the Motion to Dismiss was governed by federal standards in the Motion to Dismiss. (Doc. No. 19, pp. 5-6, 13-14).[2] Thus, Pepper Source had an opportunity to brief both issues in its response in opposition, and the Reply merely replies to such issues, rather than raising new arguments.

4. Finally, Pepper Source argues that Defendants fail to address "numerous" arguments and cases in the memorandum in opposition.[3] The alleged absence of new arguments in a Reply is precisely the reason why no further briefing is warranted.

5. The Motion for Leave also contains improper argument and should be denied.

WHEREFORE, for lack of good cause shown, Pepper Source's request for leave to file a sur-reply should be denied with prejudice by the Court.

---

[2] Further, the reference to the Federal Declaratory Judgment Act in the Reply is limited to one footnote, and some cases cited in the initial Motion to Dismiss considered the issues under the Federal Declaratory Judgment Act. (*See, e.g.*, Doc. No. 19 at pp. 16, 18) (citing cases discussing issues under federal act). No sur-reply is required to such a clear point.

[3] The statement that Defendants did not discuss such case law is also a mischaracterization of the facts. The *Northwest Airlines* case was already cited in Defendants' initial Motion to Dismiss. (Doc. No. 19, p. 17).

DATED:   July 19, 2020

                                    Respectfully Submitted,

                                    */s/Michael S. Vitale*                              .
                                    Max Deitchler, Arkansas Bar No. 2012200
                                    E-Mail:  max.deitchler@kutakrock.com
                                    Andrew Tarvin, Arkansas Bar No. 2015191
                                    E-Mail:  andrew.tarvin@kutakrock.com
                                    **KUTAK ROCK LLP**
                                    234 E. Millsap Road, Suite 200
                                    Fayetteville, Arkansas 72703
                                    Telephone: (479) 973-4200
                                    Facsimile: (479) 973-0007

and

                                    Michael S. Vitale, Esq., Fla. Bar No. 17136
                                    E-mail:  mvitale@bakerlaw.com
                                                    pkenaley@bakerlaw.com
                                                    orlbakerdocket@bakerlaw.com
                                    Yameel L. Mercado Robles, Esq., Fla. Bar No. 1003897
                                    E-Mail:  ymercadorobles@bakerlaw.com
                                                    emachin@bakerlaw.com
                                    **BAKER & HOSTETLER LLP**
                                    200 South Orange Avenue, Suite 2300
                                    Orlando, FL 32802-0112
                                    Telephone: (407) 649-4000
                                    Facsimile: (407) 841-0168

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2020 a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                    *s/Michael S. Vitale*                        .
                                                    Michael S. Vitale

4847-2527-1491.1