# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

PEPPER SOURCE, LTD.                                                                                     PLAINTIFF

v.                                          Case No. 2:20-cv-2079

CHEP, a Brambles Company; BRAMBLES
NORTH AMERICA, INC.; BRAMBLES
USA, INC.; CHEP SERVICES, LLC;
CHEP CONTAINER AND POOLING
SOLUTIONS, INC.; and BRAMBLES
AMERICAS, INC.                                                                                        DEFENDANTS

## PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS

COMES NOW the Plaintiff, Pepper Source, Ltd. ("Pepper Source"), by and through its undersigned counsel, and for its Sur-Reply to Defendants' Motion to Dismiss (Doc. 18) states and alleges as follows.

## INTRODUCTION

Under the guise of good cause, Defendants have filed a ten-page Reply to their Motion to Dismiss and its 27-page Brief in Support that is nothing more than a regurgitation of their prior filings with a blatant mischaracterization of Pepper Source's Response as opposed to directly addressing the contentions raised therein. The "cause" that Defendants contended existed for their Reply—the forum selection clause[1] issue and personal jurisdiction over CHEP Container and Pooling Solutions, Inc. ("CHEP")—are dismissed in the substance of the actual Reply as "irrelevant" and "not challenge[d]". What remains of the Reply is a gross misstatement of Pepper Source's Response in the form of a number of legal arguments Defendants raise for the first time to which Pepper Source should be afforded the right to respond.

---

[1] This was included in one of Defendants' 120 pages of exhibits they decided to attach to a Rule 12(b) Motion to Dismiss. Pepper Source agrees it should not be considered. This raises the question: if Defendants contend their own exhibits are irrelevant, why did they file them in the first place?

**ARGUMENT**

### A. Article III justiciability is not the standard for whether a declaratory judgment action is sufficiently pled.

Confusingly, CHEP brings up Article III justiciability for the first time as a means of mischaracterizing Pepper Source's argument that the Amended Complaint is sufficiently pled. A claim for declaratory relief requires a showing of: (1) a justiciable controversy; (2) between parties with adverse interests; (3) the party seeking declaratory relief must have a legally protectable interest in the controversy; and (4) the issue must be ripe for judicial determination. *See Warren v. State Farm Fire & Cas. Co.*, 2014 WL 4094177, at *6 (W.D. Ark. Aug. 19, 2014) (citation omitted). Whether a justiciable controversy exists is simply one of four elements required to make a sufficient pleading for declaratory relief. Pepper Source has more than satisfied each of the four elements for claiming declaratory relief.

Additionally, CHEP argues for the first time that Pepper Source's Amended Complaint—which was filed in state court prior to removal—is insufficient to meet the federal declaratory judgment statute now applicable. Should the Court determine that Pepper Source's pleading, which was certainly sufficient in the forum and venue originally filed, is now insufficient under the Federal Declaratory Judgment Act, then Pepper Source deserves the opportunity to amend its pleading to satisfy the federal pleading standards in this removed case. *See TIB-The Independent BankersBank v. Canyon Community Bank*, 2014 WL 145284, at *5 (N.D. Tex. 2014); *Stuhlmacher v. Home Depot U.S.A., Inc.*, 2011 WL 1792853, at *4 (N.D. Ind. 2011); *Green v. U.S. Dept. of Housing and Urban Development*, 2010 WL 5139997 (S.D. Ala. 2010); *Zhang v. Saks Inc.*, 2009 WL 5125815, at *6 (N.D. Cal. 2009).

### B. Pepper Source's naming of all potential parties at fault in the Amended Complaint is not a basis for dismissal.

Defendants first argue that "Pepper Source's decision to include [all] Defendants in the Amended Complaint further shows it was filed for procedural fencing and forum shopping purposes." *See* Doc. 24-1, p. 2. The naming of all potential parties at fault in an Amended Complaint reflects an abundance of caution commonly utilized by litigants nationwide, particularly where companies have numerous closely-named and associated entities in their corporate structure as herein. Defendants have provided no support for the conclusory allegation that this constitutes proof of forum shopping. Furthermore, Pepper Source has agreed to a dismissal without prejudice of all Defendants other than CHEP, which the parties now agree is the real party in interest. As such, there is no basis for dismissing the entirety of Pepper Source's Amended Petition.

### C. CHEP bears the burden of proof that the first-filed rule should not apply and has provided no evidence in support of its conclusory allegations.

Next, CHEP argues that Pepper Source has failed to "rebut the red flags" it contends are present here. Yet, CHEP fails to acknowledge that it bears the burden of showing that compelling circumstances exist. *See Lewis & Clark Reg'l Water Sys., Inc. v. Carstensen Contracting, Inc.*, 339 F. Supp. 3d 886, 892-93 (D. S.D. 2018) (citation omitted); *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) ("The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply."). CHEP portrays the presence of "red flags" as sufficient evidence in and of itself to not follow the first-filed rule. However, Eighth Circuit precedent is clear that a "red flag" is simply the beginning of the analysis: the Court must take "a closer look" as to whether the Plaintiff "acted in bad faith [or] raced to the courthouse to preempt a suit by [the other party]." *Northwest Airlines*, 989 F.2d at 1007.

Importantly, the Court should note that CHEP's 10-page reply does not even mention *Northwest Airlines*. Instead of addressing the similar facts and arguments adversely decided in this Eighth Circuit decision, CHEP acts as if this on-point case law does not even exist.

Instead, CHEP again argues against the first-filed rule based on nothing more than Pepper Source's filing of a declaratory judgment action before CHEP was able to file its own lawsuit. CHEP seeks to bolster this meaningless fact by claiming the Arkansas lawsuit was filed at a time when the parties were negotiating and CHEP was "led to believe a resolution was plausible." CHEP acts as though this argument is supported by the Affidavit of Amelia Otlowski. Nothing in Ms. Otlowski's affidavit provides any facts supporting her conclusory assertion that CHEP believed a resolution was close; the affidavit is instead filled with only conclusory allegations and subjective assumptions. Additionally, CHEP seems to suggest that <u>after</u> Pepper Source filed its Arkansas suit, CHEP was lulled into delaying the filing of its own suit for five additional weeks. This is not a case where the parties had just started discussing their dispute when Pepper Source filed suit. The parties discussed the dispute for nearly a year before suit was filed, and there was nothing preventing CHEP from filing its own suit during that time. Further, CHEP equates telling Pepper Source that it "intended to collect" on its claimed outstanding fees with Pepper Source having knowledge that CHEP was going to file suit. This, again, is merely a conclusory allegation and subjective assumption. On each of these points, *Northwest Airlines* controls such that compelling circumstances do not exist.

**D. CHEP's argument that the Court should utilize its discretion in dismissing the case rests on the same faulty conclusion as whether compelling circumstances exist.**

CHEP argues that Pepper Source does not address whether the Court should exercise discretion in not hearing a declaratory judgment action. CHEP suggests that its request for the

4

Court to exercise this discretion is separate and distinct from its argument regarding Pepper Source's supposed abuse of the first-filed rule. In fact, as clearly stated on pp. 16 – 18 of its Brief in Support of its Motion to Dismiss, CHEP's request that the court dismiss the declaratory judgment action in its discretion is based solely on CHEP's assertion that the declaratory judgment action was filed as a means of forum shopping, which is more than adequately addressed by Pepper Source and the various cases cited in Pepper Source's Response.

### E. The parties agree that the permissive and unenforceable forum selection clause is irrelevant.

Finally, CHEP contended "good cause" exists for it to convey to the Court that the forum selection clause it attached as an exhibit to pleadings in this case is actually irrelevant and not a basis for dismissal or transfer of this matter. Thus, both sides agree.

### CONCLUSION

For these reasons, Pepper Source submits that the Court should follow the well-recognized first-filed rule and deny CHEP's Motion to Dismiss.

RESPECTFULLY SUBMITTED.

                              PEPPER SOURCE, LTD., Plaintiff

                              By: /s/ Rex W. Chronister
                              Attorney at Law
                              Arkansas Bar No. 79032
                              Chronister, Fields & Flake, PLLC
                              P.O. Box 66
                              Fort Smith, AR 72902
                              Phone: (479)-783-4060
                              Email: rexchronister@yahoo.com
                              *Attorney for Plaintiff*